UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

CHANANNA WALKER, an infant over the age of
fourteen, by her M/N/G CHEVIE SHONDEL
WALKER, ANDREW JOHNSON, an infant under the
age of fourteen, by his M/N/G CHEVIE SHONDEL WALKER,
and CHEVIE SHONDEL WALKER individually,

      Plaintiff,

   -against-

CITY OF NEW YORK, NICHOLAS VANDYKE, CARLOS FABARA,
ERIC KONOSKI, MATTHEW HANDELSMAN, ALEXANDER
LAGO, EDWARD SMITH, and JOHN and JANE
DOE 1 through 10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

      Defendants.

------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

07 CV 846
(NG)(RER)

<u>Jury Trial Demanded</u>

   Plaintiffs CHANANNA WALKER, an infant over the age of fourteen, by her M/N/G

CHEVIE SHONDEL WALKER, ANDREW JOHNSON, an infant under the age of fourteen, by

his M/N/G CHEVIE SHONDEL WALKER, and CHEVIE SHONDEL WALKER individually,

by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as

follows:

### <u>Preliminary Statement</u>

  1.  Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil

rights, as said rights are secured by said statutes and the Constitution of the States of New York

and the United States. Plaintiffs also assert supplemental state law claims.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.

3.  Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.  Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiff CHANANNA WALKER is a an African American female, a citizen of the United States, and at all relevant times a resident of the City and States of New York. Plaintiff ANDREW JOHNSON is an African American male, a citizen of the United States, and at all relevant times a resident of the City and States of New York. Plaintiff CHEVIE SHONDEL WALKER is an African American female, a citizen of the United States, and at all relevant times a resident of the City and States of New York.

7.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned

municipal corporation, City of New York.

9.     That at all times hereinafter mentioned, the individually named defendants, NICHOLAS VANDYKE, CARLOS FABARA , ERIC KONOSKI, MATTHEW HANDELSMAN, ALEXANDER LAGO, EDWARD SMITH, JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.     Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On January 28, 2006, at approximately 8:30 p.m., infant plaintiffs CHANANNA WALKER and ANDREW JOHNSON were lawfully present in the vicinity of 2212 Cornaga Ave., located in the county of Queens, in the City and State of New York.

14.     At the aforesaid time and place, the defendants, members of the New York City Police Department, acting under the color of law, approached the plaintiffs, and without suspicion or just cause detained, searched, imprisoned, arrested, assaulted and battered the

3

plaintiffs, while others failed to intervene in the illegal conduct. Specifically, plaintiff Andrew Johnson was approached by approximately two plain clothed New York City police officers, who illegally stopped and searched him. When Chananna Walker questioned the illegal conduct, she was punched in the face by one of the police officers, and forcibly grabbed and placed against a fence with sharp metal poking into her. At that time, she too was illegally searched. By that time, more NYPD officers had arrived on the scene, and the officers started to rough up some of the other kids that were in the vicinity. Plaintiffs Walker and Johnson were handcuffed and subjected to further inappropriate force, and placed in NYPD vehicles that transported them to the 101st precinct in Far Rockaway. Walker and Johnson were placed in an interrogation room and handcuffed to chairs. At one point, Channana Walker was taken to a location upstairs in the stationhouse, where a female NYPD officer lifted Ms. Walker's shirt and felt under her bra, inappropriately and unlawfully touching her breasts. Ms. Walker was in handcuffs during the search and did not consent to the illegal search. Further, the officers had no individualized or reasonable suspicion that Ms. Walker was in possession of weapons or contraband of any sort. Walker and Johnson remained in the interrogation room for a few more hours, until they were released with no charges whatsoever. Mr. Johnson had visible physical injuries that were inflicted by the police officers. However, by the time of his release, he received no treatment. Approximately thirty minutes after Andrew's release, Chananna was released. Chananna also had visible injuries that were left untreated during her imprisonment. Immediately upon their release, plaintiff Chevie Shondel Walker, the mother of Chananna and Andrew, called for an ambulance to respond to the 101st precinct.

15.    As a result of the above, plaintiffs sought medical attention.

16.    As a result of the foregoing, plaintiffs CHANANNA WALKER and ANDREW

JOHNSON sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights. Plaintiff CHEVIE SHONDEL WALKER sustained, *inter alia,* the loss of services of her children as well as special damages.

### Federal Claims

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

17.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

19.     All of the aforementioned acts deprived plaintiffs CHANANNA WALKER and ANDREW JOHNSON of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. Section 1983.

20.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

21.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

22.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

5

municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unlawful Search under 42 U.S.C. § 1983)

23.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24.     The illegal approach, pursuit, stop and search employed by defendants herein terminated plaintiffs CHANANNA WALKER and ANDREW JOHNSON's freedom of movement through means intentionally applied.

25.     As a result of the aforementioned conduct of defendants, plaintiffs CHANANNA WALKER and ANDREW JOHNSON sustained injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

26.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiffs CHANANNA WALKER and ANDREW JOHNSON's constitutional rights.

28.     As a result of the aforementioned conduct of defendants, plaintiffs CHANANNA WALKER and ANDREW JOHNSON were subjected to excessive force and sustained physical injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

29.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     Defendants had an affirmative duty to intervene on behalf of plaintiffs CHANANNA WALKER and ANDREW JOHNSON, whose constitutional rights were being violated in their presence by other officers.

31.     The defendants failed to intervene to prevent the unlawful conduct described herein.

32.     As a result of the foregoing, plaintiffs CHANANNA WALKER and ANDREW JOHNSON's liberty were restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause. Further, plaintiffs sustained severe and permanent physical injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

33.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

35.     As a result of the foregoing, plaintiffs CHANANNA WALKER and ANDREW JOHNSON were deprived of his right to substantive due process, causing severe and permanent emotional and physical injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

36.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     The individual supervisory defendants personally caused plaintiffs' constitutional

7

injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

38.     As a result of the foregoing, plaintiffs CHANANNA WALKER and ANDREW JOHNSON suffered severe and permanent emotional and physical injuries.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983)

39.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants issued juvenile reports to plaintiffs CHANANNA WALKER and ANDREW JOHNSON accusing them of violations of the New York Penal Law.

41.     Defendants caused plaintiffs CHANANNA WALKER and ANDREW JOHNSON to be arrested in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority and thereby violated plaintiffs' right to be free from malicious abuse of process.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(False Arrest under 42 U.S.C. § 1983)

42.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     The defendants falsely imprisoned the plaintiffs CHANANNA WALKER and ANDREW JOHNSON against their will and in the absence of probable cause.

44.     As a result of the foregoing, plaintiffs CHANANNA WALKER and ANDREW JOHNSON were handcuffed, detained, and otherwise deprived of their right to be free from false arrest.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Illegal Strip Search 42 U.S.C. § 1983)

45.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Despite lacking any individualized suspicion that plaintiff CHANANNA WALKER was in possession of weapons or contraband, defendants subjected plaintiff CHANANNA WALKER to an illegal strip search.

47.     The strip search of the plaintiff CHANANNA WALKER violated her constitutional right to be free from unlawful strip searches and unwarranted invasions of her privacy and bodily integrity.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

48.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

50.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully stopping, frisking, searching, assaulting, battering and seizing innocent individuals of African American descent. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs CHANANNA WALKER and ANDREW JOHNSON's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen,

9

train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs CHANANNA WALKER and ANDREW JOHNSON.

52. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs CHANANNA WALKER and ANDREW JOHNSON as alleged herein.

53. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs CHANANNA WALKER and ANDREW JOHNSON as alleged herein.

54. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs CHANANNA WALKER and ANDREW JOHNSON were unlawfully stopped, seized, beaten, searched, detained, and incarcerated, all without being charged with or guilty of any crime whatsoever.

55. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs CHANANNA WALKER and ANDREW JOHNSON'S constitutional rights.

56. All of the foregoing acts by defendants deprived plaintiffs CHANANNA WALKER and ANDREW JOHNSON of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    To be free from illegal strip searches

    D.    To receive equal protection under law; and

    E.    To be free from the use of excessive force and/or the failure to intervene.

57. As a result of the foregoing, plaintiffs CHANANNA WALKER and ANDREW JOHNSON are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

58. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

60. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

61. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

11

62.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

63.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

64.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     As a result of the foregoing, plaintiffs CHANANNA WALKER and ANDREW JOHNSON were placed in apprehension of imminent harmful and offensive bodily contact.

66.     As a result of defendant's conduct, plaintiffs CHANANNA WALKER and ANDREW JOHNSON have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

67.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     Defendants made offensive contact with plaintiffs without privilege or consent.

69.     As a result of defendant's conduct, plaintiffs CHANANNA WALKER and ANDREW JOHNSON have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

12

70. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

72. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

73. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

74. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs CHANANNA WALKER and ANDREW JOHNSON.

75. As a result of the aforementioned conduct, plaintiffs CHANANNA WALKER and ANDREW JOHNSON suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

76. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the illegal arrest of plaintiffs CHANANNA WALKER and ANDREW JOHNSON.

13

78. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

79. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the illegal arrest of plaintiffs CHANANNA WALKER and ANDREW JOHNSON.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

81. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

83. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Defendant City of New York is vicariously liable for the acts of its employees and

14

agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

85. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Defendants arrested plaintiffs without probable cause.

87. Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

88. As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

89. As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

90. As a result of the foregoing, plaintiffs are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs CHANANNA WALKER, ANDREW JOHNSON, and CHEVIE SHONDEL WALKER demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
November 15, 2007

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

Attorneys for the Plaintiffs